UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

QUENTIN D. BETTY,

                Plaintiff,                              Case No. 1:15-cv-445

v.                                                        Honorable Robert J. Jonker

DANIEL H. HEYNS et al.,

                Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Heyns, Palmer and Smith. The Court will serve the complaint as to the remaining Defendants.

**Discussion**

      I.        Factual allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Michigan Reformatory (RMI). Plaintiff names the following Defendants: MDOC Director Daniel Heyns; RMI Warden Carmen Palmer; Correctional Transportation Officer (Unknown) Becher; RMI Inspector (Unknown) Smith; RMI Hearing Investigator (Unknown) Chaney; RMI Dr. (Unknown) Schmuggerow; Unknown Party identified as RMI Doctor; Unknown Party identified as RMI Practitioner; and Unknown Parties identified as RMI Nurses.

On October 10, 2013, Plaintiff was being transported to RMI on a bus driven by Defendant Becher.[1] Plaintiff alleges that Defendant Becher drove recklessly and at an excessive rate of speed which caused the front tires of the bus to veer off the road, causing the passengers, including Plaintiff, to be thrown into the air. In the process of getting the front tires back on the road, Defendant Becher allegedly caused the bus to swerve into oncoming traffic. By this time, another passenger landed on Plaintiff, causing him to suffer injury to his neck and back.

After arriving at RMI injured and in pain, Plaintiff explained that he had just been in an accident and needed to go the hospital. The person with whom Plaintiff spoke indicated that no accident had been reported by Defendant Becher. Plaintiff was placed in segregation for an unrelated incident. Plaintiff remained in segregation for 6.5 hours without any medical assistance despite experiencing excruciating pain. Plaintiff was finally taken to healthcare and was seen by Unknown

---

[1] The Court recently screened another complaint relating to the October 10, 2013, incident with the transport van driven by Defendant Becher. *See Scott v. Heyns et al.*, 1:14-cv-1277.

Party identified as RMI Nurse. Despite his severe pain and the circumstances of the bus incident, Plaintiff was only given ibuprofen and told to use a warm compress on the injured areas.

Plaintiff was not seen by healthcare for ten days during which he continued to experience terrible pain. On October 20, 2013, he was seen by Unknown Party identified as RMI Doctor. Plaintiff asked for an independent medical examination, an x-ray and stronger medication. His requests were denied. Plaintiff was taken to healthcare on October 26, 2013, at which time he was seen but not treated, and again five days later, at which time he was given additional ibuprofen, and blood tests and x-rays were ordered.

In October or November, 2013, Plaintiff wrote a complaint to Defendants Heyns, Palmer, Smith and other MDOC officials complaining about the October 10, 2013, incident with the transport van, his injuries and the lack of adequate medical care.

At some point while he was in segregation, Defendant Chaney visited Plaintiff and told him that if he would refrain from "making an issue' out of the transport van incident, Defendant Chaney would talk with Unknown Party identified as RMI Doctor about Plaintiff's pain and suffering. (Compl., docket #1, Page ID# 5.) When Plaintiff refused Chaney's offer, he allegedly told Plaintiff, "You file anything, remember, on paper a lot of inmates seriously hurt or kill themselves in the hole." (*Id.*) Because Plaintiff believed Defendant Chaney's alleged threat, he refrained from pursuing his grievance against Defendant Becher. When Plaintiff got out of segregation he wrote a complaint to Defendants Smith and Palmer regarding Defendant Chaney's threat, but did not receive a response.

On October 19, 2014, Plaintiff made another request for an independent medical examination regarding his on-going headaches, neck pain, lower back spasms, memory loss, loss of

-3-

sleep, and difficulty doing daily tasks like eating, reading and writing. The following day, Plaintiff filed a grievance against Defendant Becher for reckless driving and a grievance against RMI Healthcare for failing to properly treat his injuries. Plaintiff's grievances were denied. On October 27, 2014, Plaintiff was seen by Unknown Party identified as RMI Practitioner, who examined Plaintiff and instructed him to do neck and back exercises to stretch his muscles. Plaintiff was examined by Defendant Schmuggerow on November 6, 2014, who prescribed new pain medication and ordered x-rays. Later, Defendant Schmuggerow told Plaintiff that the x-rays showed "complications" in his lower back. (*Id.* at Page ID#15.) Plaintiff told Defendant Schmuggerow he needed stronger medication. Defendant Schmuggerow prescribed acetaminophen, ibuprofen and aspirin. Plaintiff alleges that he continues to suffer from his initial injuries as well as loss of strength in his left arm, light sensitivity and headaches.

Plaintiff arguably raises claims under the Eighth Amendment for failure to protect and deliberate indifference to his serious medical needs. In addition, his allegation against Defendant Chaney could be construed as a First Amendment retaliation claim. Plaintiff seeks declaratory and injunctive relief, as well as monetary damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

    A.  <u>Defendants Heyns, Palmer and Smith</u>

Plaintiff fails to make specific factual allegations against Defendants Heyns, Palmer and Smith other than his claim that they failed to conduct an investigation in response to his grievances and complaints. Government officials may not be held liable for the unconstitutional

conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Heyns, Palmer and Smith engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

    B.   <u>Remaining Defendants</u>

At this stage of the proceedings, Plaintiff's allegations are sufficient to warrant service of the complaint against the remaining Defendants. However, the Court lacks sufficient information at this time to effect service upon Unknown Party identified as RMI Doctor, Unknown Party identified as RMI Practitioner, and Unknown Parties identified as RMI Nurses. Consequently, the complaint will be served on Defendants Chaney, Becher and Schmuggerow.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Heyns, Palmer, and Smith will be dismissed for failure to state a

claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against the remaining Defendants.

      An Order consistent with this Opinion will be entered.

                                         /s/Robert J. Jonker
                                          Robert J. Jonker
                                  Chief United States District Judge

Dated:  August 6, 2015