UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTIN D. BETTY,

        Plaintiff,

vs.

DANIEL H. HEYNS, *et al.*,

        Defendants.
                                /

Case No. 1:15-cv-445

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

Plaintiff has filed a *pro se* prisoner civil rights action against defendants pursuant to 42 U.S.C. § 1983. Three of the defendants in plaintiff's complaint are unknown: Unknown Party #1 (unknown doctor); Unknown Party #2 (John Doe, Practitioner); and Unknown Party#3 (unknown R.N.S., unknown health care workers, nurses). This matter is now before the Court on plaintiff's "Motion requesting for [sic] extension of time to identify and serve process complaint on unknown 'Party' defendants RMI doctor, RMI practitioner and RMI nurses" (docket no. 17).

> In general, the use of unnamed defendants is not favored in the federal courts. *See Colle v. Brazos County, Tex.*, 981 F.2d 237, 243 (5th Cir.1993). The mere naming of a person by use of a fictitious title does not make that person a party to a lawsuit, and it does not prevent the entry of final judgment. *Nagle v. Lee*, 807 F.2d 435, 440 (5th Cir.1987). The appropriate treatment of Doe defendants is to delay taking action with regard to them until plaintiff has had an adequate time in discovery to identify them by name.

*Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1093 (W.D. Mich. 2001). *See Hindes v. FDIC*, 137 F.3d 148, 155 (3rd Cir. 1998) ("Doe defendants are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed") (internal quotation and citation omitted).

Plaintiff filed this action on April 30, 2015. However, he has neither identified nor served the three unknown "John Doe" defendants. In the present motion, plaintiff seeks an extension of time to serve these Doe defendants pursuant Fed. R. Civ. P. 4(m) which, at the time he filed this action, provided in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[1] Good cause exists when an outside factor, rather than inadvertence or negligence, prevented service. *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012). "In sum, good cause means a valid reason for delay." *Id.* at 375 (internal quotation marks and brackets omitted).

The record reflects that plaintiff has not served the unknown defendants within the time frame allowed under Fed. R. Civ. P. 4(m). Plaintiff contends that he has good cause for seeking an extension for service of the summons because he needs to obtain copies of documents (e.g., medical records) to identify the unknown defendants and that he has encountered financial obstacles in his attempts to obtain the documents. Based on this record, plaintiff has not shown good cause for an extension of time for service under Fed. R. Civ. P. 4(m). Plaintiff's reasons for failing to serve the unknown defendants ignore the fact that he was required to identify the unknown defendants during the grievance process which preceded the filing of this prisoner civil rights action. The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available

---

[1] The Court notes that the current version of Fed. R. Civ. P. 4(m) reduces the service time to 90 days.

are exhausted." 42 U.S.C. § 1997e(a). The Michigan Department of Corrections (MDOC) requires prisoners to follow a three-step process to exhaust his or her administrative remedies under the PLRA. *See* Policy Directive 03.02.130 (effective July 9, 2007). At step one of this process, the plaintiff must complete a grievance form which includes "Dates, times, places and *names* of all those involved in the issue being grieved" *Id.* at ¶ R (emphasis added). Thus, plaintiff was required to identify these unknown defendants when he grieved his claims under the PLRA and the MDOC Policy Directive 03.02.130 prior to filing this federal action against them. *Cf. Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999) (a prisoner "may not exhaust administrative remedies during the pendency of the federal suit"). Under these circumstances, plaintiff has not established good cause for seeking an extension under Fed. R. Civ. P. 4(m).

Accordingly, I recommend that plaintiff's motion for an extension of time to serve the unknown defendants (docket no. 17) be **DENIED** and that Unknown Parties ## 1, 2, and 3 be **DISMISSED** without prejudice.


Dated: January 25, 2016   /s/ Ray Kent
  RAY KENT
  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).