UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

QUENTIN D. BETTY,

      Plaintiff,                                  Case No.  1:15-cv-00445-RJJ

v.                                                    HON. ROBERT J. JONKER

DANIEL H. HEYNS; CARMEN D.
PALMER; UNKNOWN SMITH; DARYL
BECHER; CHAD CHANEY; WILLIAM E.
SCHMUGGEROW; UNKNOWN PARTY #1;
UNKNOWN PARTY #2; and UNKNOWN
PART(Y)(IES),

      Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (ECF No. 38) and Plaintiff's Objections to the Report and Recommendation (ECF No. 39). Under the Federal Rules of Civil Procedure, where a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge, the Report and Recommendation itself, the Plaintiff's Objections to the Magistrate's Report and Recommendation, and Defendant Schmuggerow's Response to Plaintiff's Objections. After its review, the Court approves and adopts Magistrate Judge Kent's Report and Recommendation as amplified in this Order.

The Report and Recommendation recommends that summary judgment be granted as to Defendant Becher and Schmuggerow and denied as to Defendant Chaney (ECF No. 38, PageID.311). No party objects to the recommendations regarding Becher and Chaney, and so the Court adopts those portions of the Report and Recommendation. Plaintiff objects to summary judgment for Defendant Dr. Schmuggerow, but the Court agrees with the Magistrate Judge that summary judgment is appropriate. Accordingly, Plaintiff's objection is overruled.

Plaintiff's claim against Dr. Schmuggerow is for alleged deliberate indifference to serious medical needs. Plaintiff's only grievance addressing medical treatment is "2244-28e," which identified a nurse and doctor (not identified as Dr. Schmuggerow) who saw Plaintiff on November 6, 2013 (ECF No. 21-2, PageID.169). The grievance was untimely (filed about a year after the incident), and rejected as such (ECF No. 21-2, PageID.161, 163, 170). However, the MDOC also addressed the grievance on the merits at steps two and three of the appeals process, arguably forfeiting its right to rely on the untimeliness of the grievance. *Id.* at 163.

On the merits, Plaintiff's grievance fails to exhaust any claim against Dr. Schmuggerow because it fails to identify him as the treating physician back in 2013. To the contrary, Plaintiff's

complaint describes only the treatment provided by Dr. Schmuggerow in 2014, and the grievance makes no complaint about it. Nor could it because the grievance was actually filed four weeks before the 2014 treatment described in the complaint.

Plaintiff objects that his recently supplemented medical record demonstrates that Dr. Schmuggerow actually did treat him in 2013, (ECF No. 39, PageID.313), but the Magistrate Judge properly rejected that theory. The only thing the supplemented medical record establishes is that Dr. Schmuggerow reviewed an x-ray on November 27, 2013, but there is no constitutional claim that Plaintiff makes regarding review of that x-ray.

In the Court's view, the untimely filing is sufficient reason to sustain summary judgment for Dr. Schmuggerow on the exhaustion defense. The MDOC never abandoned untimeliness as a reason for denying the grievance (ECF No. 21-2, PageID.161, 163, 170). It simply proceeded on the alternate bases for denial on the merits at the second and third steps of the review process after reasserting its procedural defenses. *Id.* Providing both a procedural and a substantive basis for denial should not operate as a forfeiture of the procedural objection. Only when MDOC completely fails to identify and rely upon a procedural objection at each step of the review process is forfeiture appropriate. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2013) (concluding that a prisoner "properly exhausted his claim because he invoked one complete round of [MDOC's] procedures and received merits-based responses at each step."); *see also Rogers v. Caruso*, No. 1:11-CV-1121, 2013 WL 1339684, at *2 (W.D. Mich. March 29, 2013).

Sixth Circuit precedent supports this conclusion. In *Reed-Bey*, the court concluded the prisoner properly exhausted his claims because the prison provided merits-based denials and failed to mention its procedural defenses at every step of the review process. 603 F.3d at 323-24. In

contrast, here the MDOC rejected Plaintiff's grievance based on purely procedural grounds at the first step of the grievance process (ECF No. 21-2, PageID.170). At the second and third steps of the grievance process, the MDOC reaffirmed its procedural defenses while providing merits-based defenses as alternative grounds for denial (ECF No. 21-2, PageID.161, 163). Thus, *Reed-Bey* does not control the outcome of this case and Plaintiff failed to properly exhaust his claims. *See Cook v. Caruso*, 531 F. App'x 554, 563 (6th Cir. 2013) ("For *Reed-Bey*'s holding to apply, [plaintiff] would have had to receive merits-based responses *at each step*.").

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 38), is adopted.

**IT IS FURTHER ORDERED** that Defendant Becher's Motion for Summary Judgment (ECF No. 20) is **GRANTED,** and Defendant Chaney's Motion for Summary Judgment (ECF No. 20) is **DENIED** .

**IT IS FURTHER ORDERED** that Defendant Dr. Schmuggerow's Motion for Summary Judgment (ECF No. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Becher and Dr. Schmuggerow are **DISMISSED** from this action.

The Court will proceed with the First Amendment retaliation claim against Defendant Chaney.

**IT IS SO ORDERED**.

Dated:     September 11, 2016              /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            UNITED STATES DISTRICT JUDGE