UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTIN D. BETTY,

        Plaintiff,                    Case No. 1:15-cv-445

v.

                                         Hon. Robert J. Jonker

DANIEL HEYNS, *et al.*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a § 1983 civil rights action against defendants, in which plaintiff alleged that he suffered injuries on October 10, 2013, while being transported by the MDOC from Macomb Correctional Facility (MRF) to the Michigan Reformatory (RMI) on October 10, 2013. *See* Compl. (ECF No. 1, PageID.4). Plaintiff originally sued eight individuals and a number of unknown nurses and health care workers. All of plaintiff's claims have been dismissed from this action except for his First Amendment retaliation claim against RMI Hearing Investigator Chaney. *See* Order (ECF No. 42). This matter is now before the Court on plaintiff's motion for a preliminary injunction (ECF No. 60).

      **I.**      **Background**

Plaintiff's motion does not request any particular injunctive relief. However, in a proposed order attached to the motion, plaintiff wants this Court to direct RMI Hearing Investigator Chaney to "arrange for the plaintiff to be examined by a qualified specialist to evaluation [sic] of the condition of the plaintiff's neck and spine and adhere to prescribed treatment for a course of physical therapy that will strengthen, restore and maintain the full function of his neck." *See* Proposed Order

(ECF No. 60-1, PageID.416). In his supporting Memorandum (ECF No. 61), plaintiff claims that he suffered neck and spine injuries while being transferred to a different prison and that he is being denied appropriate medical care. Mem. at PageID.418. Plaintiff states that he should be receiving physical therapy pursuant to consultations with a neuro-surgeon on in December 2015 and November 2016. *Id*. at PageID.419. Plaintiff has presented a medical record from Rani Gebara, D.O., M.S., dated November 11, 2015, which indicates "electrodiagnostic findings suggestive of a left C7 radiculopathy with axon loss," with no electrodiagnostic evidence for other complaints (left carpal tunnel syndrome, left ulnar neuropathy, and myopathy). *See* Preliminary Report (Nov. 11, 2015) (ECF No. 61-1, PageID.426). The doctor felt that the diagnostic findings correlated with most of plaintiff's symptoms, and that the symptoms "can be managed with non-operative care." *Id*.

Plaintiff is currently incarcerated at the Ionia Correctional Facility (ICF). Attached to his motion is a kite response from a nurse at ICF dated December 2, 2016, responding to plaintiff's request to know the results of lab tests performed before his transfer to ICF and possible physical therapy at ICF. The nurse responded that he will be scheduled for post-test counseling with a nurse and that he could discuss physical therapy at this visit. Kite Response (ECF No. 61-1, PageID.427). The nurse further advised that "ICF doesn't have PT and there is nothing in your chart indicating a medical reason for it." *Id*. In another kite responding to plaintiff's request to see a doctor for ongoing neck and spinal pain and referencing physical therapy, the ICF nurse responded that "As previously stated your chart was reviewed and there is no recommendation of Physical therapy. The provider from the previous facility went over the results from that appointment with you and instructed You to perform gentle neck exercises." *See* Kite Response (ECF No. 61-1, PageID.428).

## II.     Discussion

Plaintiff seeks a motion for preliminary injunction pursuant to Fed. R. Civ. P. 65(a). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). *See, e.g.*, *Blaylock v. Cheker Oil Co.*, 547 F.2d 962, 965 (6th Cir. 1976) ("[t]he general function of a preliminary injunction is to maintain the status quo pending determination of an action on its merits"). However, "[i]f the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested status quo between the parties, by the issuance of a mandatory injunction, or by allowing the parties to take proposed action that the court finds will minimize the irreparable injury." *Stenberg v. Cheker Oil Company*, 573 F.2d 921, 925 (6th Cir. 1978) (internal citations omitted). Here, plaintiff seeks the issuance of a mandatory injunction to alter the status quo by having this Court order RMI Hearing Investigator Chaney to direct medical staff at a different correctional facility to provide plaintiff with a medical specialist and physical therapy.

Plaintiff is not entitled to a preliminary injunction because the requested relief is unrelated to the remaining claim in this lawsuit. While "[a] preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945). The only claim in this case is that Hearing Investigator Chaney allegedly retaliated against plaintiff in violation of the First Amendment while plaintiff was in segregation at RMI in October or November, 2013. Plaintiff's present motion seeks an injunction related to inadequate medical care at ICF based on

3

medical reports and recommendations generated in November 2015, December 2015, and November 2016, and kites sent to an ICF Nurse in December 2016. Inspector Chaney had nothing to do with plaintiff's alleged injuries. Whether plaintiff is receiving adequate medical treatment at a different correctional facility years after Chaney allegedly retaliated against plaintiff involves a matter "lying wholly outside the issues in the suit." *De Beers Consolidated Mines*, 325 U.S. at 220. For this reason, plaintiff's motion for a preliminary injunction should be denied.

### IV. Recommendation

Accordingly, I respectfully recommend that plaintiff's motion for a preliminary injunction (docket no. 60) be **DENIED**.

Dated: May 18, 2017         /s/ Ray Kent
                            RAY KENT
                            United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).