UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTIN D. BETTY,

        Plaintiff,

v.

DANIEL H. HEYNS, *et al.*,

        Defendants.

_____/

Case No. 1:15-cv-445

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

## I.      Plaintiff's claim

This is a *pro se* civil rights action brought by a state prisoner at a Michigan

Department of Corrections (MDOC) facility pursuant to 42 U.S.C. § 1983.   Plaintiff's lawsuit

arose from the following incident which occurred in 2013:

> On October 10, 2013, Plaintiff was being transported to RMI on a bus driven
> by Defendant Becher. Plaintiff alleges that Defendant Becher drove recklessly and
> at an excessive rate of speed which caused the front tires of the bus to veer off the
> road, causing the passengers, including Plaintiff, to be thrown into the air. In the
> process of getting the front tires back on the road, Defendant Becher allegedly
> caused the bus to swerve into oncoming traffic. By this time, another passenger
> landed on Plaintiff, causing him to suffer injury to his neck and back.

Opinion (ECF No. 7, PageID.63) (footnote omitted).

Sometime after the accident, plaintiff alleged that defendant Chaney retaliated

against him, stating as follows:

> 62.   On or around November 2013, while still in segregation, hearing
> investigator / acting grievance coordinator / acting correctional officer (C/O)
> [Chaney] came to visit plaintiff.

1

63.     Plaintiff believed the nature of H.I. Chaney's visit was to inquire about the accident and provide him with the information he had been requesting, instead H.I. Chaney said to plaintiff, "I'm not giving you information that could possibly ruin this guy [Becher]."

64.     Plaintiff responded, "Why not? It was his fault, not mines [sic] that caused the accident."

65.     Chaney then told plaintiff, "Don't make an issue of the accident and I will see what I can get the doctor to do for your pain."

66.     Plaintiff asked Chaney, "So what is this retaliation?"

67.     Chaney said, "No! More like negotiation."

68.     Plaintiff then stated, he would file on him (C/O Becher) and you!"

69.     As plaintiff turned away from the cell bars, Chaney then said to him, "You file anything, remember, on paper a lot of inmates seriously hurt or kill themselves in the hole."

70.     Chaney's threats was [sic] made clear to plaintiff, and because he was acting coordinator and my helpless state and fear of further retaliation, plaintiff postponed redress of grievances.

Plaintiff's Compl. (ECF No. 1, PageID.14).   Plaintiff alleged that he filed a grievance against C/O

Becher on October 20, 2014 (more than one year after the incident).   *Id.* at PageID.15.

Plaintiff filed this action on April 30, 2015.   Since that time: defendants Heyns, Palmer, and Smith were dismissed on August 6, 2015; the unidentified parties (unknown party #1 ("doctor"), unknown party #2 ("practitioner"), and unknown parties #3 (RNs, health care workers and nurses)) were dismissed on February 22, 2016; and, defendants Becher and Schmuggerow were dismissed on September 11, 2016.   After dismissing plaintiff's claims against all other defendants, the Court determined that questions of fact existed with respect to whether plaintiff had properly exhausted his claim against defendant Chaney and determined that it would proceed with the First Amendment retaliation claim alleged against Chaney.   Now, Chaney has moved for

summary judgment on the retaliation claim and, in the alternative, for a bench trial on the issue of

exhaustion (ECF No. 66).   For his part, plaintiff has moved to amend his complaint (ECF No. 78),

and for relief from judgment (ECF No. 79).

## II.    Defendant Chaney's motion for summary judgment

### A.    Legal standard for summary judgment

"The court shall grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).   Rule 56 further provides that a party asserting that a fact cannot be or is

genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions,
> documents, electronically stored information, affidavits or declarations,
> stipulations (including those made for purposes of the motion only), admissions,
> interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a
> genuine dispute, or that an adverse party cannot produce admissible evidence to
> support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties'

burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to
> support the nonmoving party's case.   Once the moving party has met its burden of
> production, the nonmoving party cannot rest on its pleadings, but must present
> significant probative evidence in support of the complaint to defeat the motion for
> summary judgment. The mere existence of a scintilla of evidence to support
> plaintiff's position will be insufficient; there must be evidence on which the jury
> could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).   "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party."   *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B.   Discussion

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law."   *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004).   To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law.   *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

To prove a First Amendment retaliation claim, plaintiff must establish three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two -- that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."   *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Plaintiff gave the following deposition testimony with respect to his retaliation claim.   Defendant Chaney came to plaintiff's cell sometime between October and November 2013.   Betty Dep. (ECF No. 67-2, PageID.490).   Plaintiff stated that in the process of trying to get medical treatment he "had written a few kites and letters to the warden and grievance coordinator trying to get information about the bus driver and who do I send my grievance to."

4

*Id.*   Plaintiff further stated that he "had no prior contact" with Chaney prior to Chaney's visit.   *Id*. At that time, Chaney asked plaintiff "not to make an issue of the bus incident" and that plaintiff "could ruin the guy  . . .  meaning the bus driver."   *Id*.   They had words back and forth, with plaintiff asking "what is this, retaliation" and Chaney saying "no, it's more like negotiating."   *Id.* Plaintiff testified that Chaney say something like "if I [plaintiff] would agree not to make an issue then he [Chaney] would talk to the doctor at that particular time about giving me pain medication for the pain I was in."   *Id.*   Plaintiff continued:

> However, I didn't agree to that so I told Mr. Chaney that I would write him up and I would write the bus driver up.  And he said that, you know, if I do that then on paper I could be seriously hurt or killed while I'm in the hole.

*Id.*

Based on this testimony, the first element (protected conduct) was plaintiff's statement to Chaney that he would "write up" (file grievances) against Chaney and Becher.   The second element (adverse action) was Chaney's "threat" to injure plaintiff if he filed the grievance ( i.e., "if I do that on paper I could be seriously hurt or killed while I'm in the hole").   The third element was causal connection between plaintiff's stated intent to file a grievance against Becher and Chaney, and Chaney's implied threat to injure plaintiff if he filed a grievance.

Defendant Chaney has framed his motion as one for qualified immunity.   Under this affirmative defense, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).   The dispositive question is whether the violative nature of the particular conduct at issue in the lawsuit is clearly established.   *See Mullenix v. Luna*,

-- U.S. --, 136 S. Ct. 305, 308 (2015). "A right is clearly established only if its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Carroll v. Carman*, -- U.S. --, 135 S. Ct. 348, 350 (2014). "In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Id*. Thus, the doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Carroll*, 135 S. Ct. at 350.

When a defendant raises the issue of qualified immunity on summary judgment, "[t]he ultimate burden of proof is on the plaintiff to show that the defendant is not entitled to qualified immunity." *Gardenhire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000). Although the plaintiff bears the ultimate burden, "[t]he defendant bears the initial burden of coming forward with facts to suggest that he acted within the scope of his discretionary authority during the incident in question." *Id*. Once this is accomplished, "the burden shifts to the plaintiff to establish that the defendant's conduct violated a right so clearly established that any official in his position would have clearly understood that he was under an affirmative duty to refrain from such conduct." *Id*. To meet his burden on summary judgment, a plaintiff must show (1) that a constitutional right was violated, and (2) that the right was clearly established at the time of the violation. *Chappell v. City Of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009). The court may exercise its discretion to decide which prong of the test to address first in light of the circumstances of the case. *Bishop v. Hackel*, 636 F.3d 757, 765 (6th Cir 2011), citing *Pearson v. Callahan*, 555 U.S. 223, 232-33 (2009).

Defendant Chaney has not met his initial burden of coming forward with facts to suggest that he acted within the scope of his discretionary authority during the incident in question. *Gardenhire*, 205 F.3d at 311. Chaney does not explain his discretionary authority or how he exercised that authority in this instance. Nor does Chaney set forth any facts to establish that qualified immunity shields him from liability in this case because he made "reasonable but mistaken judgments." *Carroll*, 135 S. Ct. 348 at 350. Rather, Chaney simply seeks summary judgment on the merits of plaintiff's claim, i.e., that plaintiff did not engage in protected conduct which would serve as the basis for a First Amendment retaliation claim. *See* Defendant's Brief (ECF No. 67, PageID.66-67).

That being said, defendant should be granted summary judgment. Plaintiff's threat to file a grievance against Chaney and Becher did not constitute "protected conduct" for purposes of a retaliation claim. As this Court explained in *Walden v. Palmer*, No. 1:15-cv-766, 2017 WL 1026326 (W.D. Mich. Feb. 22, 2017), *report and recommendation adopted*, 2017 WL 1020233 (March 16, 2017):

> As an individual in the custody of the state, plaintiff is entitled to petition the state for redress of grievances under the First Amendment. *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996). Assuming, for purposes of this motion, that plaintiff threatened to file a grievance against defendant Palmer on October 9, 2014, this action was not "protected conduct" for purposes of a First Amendment retaliation claim. *See McKinney v. Rutenbar*, No. 2:14-cv-220, 2016 WL 4144253 at *2 (W.D. Mich. Aug. 4, 2016) ("it is not clearly established that a threat to file a grievance is protected conduct" for purposes of a prisoner's First Amendment retaliation claim) (listing cases). *See also Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) ("it seems implausible that a threat to file a grievance would itself constitute a First Amendment-protected grievance") (emphasis in original); *Pasley v. Conerly*, 345 Fed. Appx. 981, 984 (6th Cir. 2009) ("[t]his circuit appears not to have determined conclusively whether merely threatening to file a grievance constitutes protected activity").

*Walden*, 2017 WL 1026326 at *6.   In addition, Chaney's alleged threat that plaintiff "could be seriously hurt or killed while . . . in the hole" did not rise to the level of a federal constitutional violation.   "Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."   *Wingo v. Tennessee Department of Corrections*, 499 Fed. Appx. 453, 455 (6th Cir. 2012), citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987).   Accordingly, defendant Chaney's motion for summary judgment should be granted.[1]

### III.    Plaintiff's Motion to amend

Two months after defendant Chaney filed his motion for summary judgment, plaintiff filed a motion to amend his complaint.   Fed. R. Civ. P. 15(a)(2) provides that a party may amend its pleading only with the court's leave and that "[t]he court should freely give leave when justice so requires."   "[I]mplicit in this statement is that the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment."   *Roskam Baking Co. v. Lanham Machinery Co.*, 288 F.3d 895, 906 (6th Cir. 2002).

Justice does not require the Court to allow plaintiff to amend his complaint.   First, plaintiff's motion is untimely, having been filed almost two months after the April 6, 2017 deadline for filing pretrial motions.   *See* Case Management Order (ECF No. 45).

---

[1]  In the alternative, if the Court does not adopt the recommendation to grant Chaney's motion for summary judgment on the merits, then the undersigned recommends that an evidentiary hearing be held on the issue of exhaustion.   *See, e.g.*, *Alexander v. Salmi*, No. 2:16-cv-96, 2017 WL 3220357 (W.D. Mich. June 27, 2017), *report and recommendation adopted*, 2017 WL 3190643 (July 27, 2017) (evidentiary hearing held on exhaustion).

Second, the proposed amended complaint appears to be a copy of the original complaint, re-alleging claims against defendants who have been dismissed from this action, i.e., defendants Heyns, Palmer, Becher, Smith and Schmuggerow.  *See* Proposed Amend. Compl. (ECF No. 78-1, PageID.566-567).

Third, plaintiff's proposed amended complaint did not amend the allegations.   The purpose of plaintiff's amended complaint was to add the names of some of the previously unknown defendants:   the "Unknown Doctor/Doctor #1" is identified as James S. Bentie; and the "Unknown Health Care Workers/Unknown RN's" are Terri L. Byrne, RN, Brenda Bowker, RN, and Christy M. Jastifer, RN.   *Id.* at PageID.564, 566.   However, plaintiff's proposed amended complaint did not integrate the names of the new defendants; rather, he only changed the caption to list these new defendants, and then listed numbered paragraphs in his motion which, according to him, applied to the new defendants.   *Id.* at PageID.565; Motion (ECF No. 78).   Plaintiff's novel approach to incorporate names into his 102-paragraph complaint lacks clarity.   In addition, some of these allegations do not claim wrongdoing on the part of the new party.   For example, plaintiff states that paragraphs 12, 13, 52, 88, 89, 90, 91, 92 and 95, and claims for relief "C3-C8" apply to new party RN Bowker. Motion at PageID.561.   The only substantive allegation appears in ¶ 52, which simply states "On October 26, 2013 C/O Allas escorted plaintiff to health care and unknown nurse [Bowker] checked his vitals.   That was the extent of that visit."   Proposed Amend. Compl. at PageID.577.   According to plaintiff, RN Bowker's act of taking his vital signs resulted in numerous constitutional violations including:   retaliating against plaintiff and violating his due process rights (¶88); violating his rights under the First and Eighth Amendments (¶89); violating his rights not to suffer cruel and unusual punishment and to redress the government (¶90);

9

violating his due process rights by "instituting an environment of retaliatory misconduct in an effort to silence, intimidate and punitively punish plaintiff for engaging in protective conduct" (¶91); violating her oath to uphold and defend the constitution of the United States of America (¶92); and violating plaintiff's constitutional rights under First, Eighth and Fourteenth Amendments "to be protected from cruel and unusual punishment, the right to unabridged freedom of expression, speech, and the right to petition the government for redress of grievances" (¶95). Justice does not require the Court to allow plaintiff amend the complaint at this late date to include these frivolous claims against RN Bowker.

Fourth, plaintiff's motion is prejudicial.   Plaintiff did not identify these individuals until more than three months after the close of discovery, and nearly two months after both the pre-trial motion deadline and defendant Chaney's motion for summary judgment.   The Court previously denied plaintiff's request for an extension of time to serve these unknown defendants on February 18, 2016, stating in pertinent part:

> The record reflects that plaintiff has not served the unknown defendants within the time frame allowed under Fed. R. Civ. P. 4(m). Plaintiff contends that he has good cause for seeking an extension for service of the summons because he needs to obtain copies of documents (e.g., medical records) to identify the unknown defendants and that he has encountered financial obstacles in his attempts to obtain the documents. Based on this record, plaintiff has not shown good cause for an extension of time for service under Fed. R. Civ. P. 4(m). Plaintiff's reasons for failing to serve the unknown defendants ignore the fact that he was required to identify the unknown defendants during the grievance process which preceded the filing of this prisoner civil rights action.   The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Michigan Department of Corrections (MDOC) requires prisoners to follow a three-step process to exhaust his or her administrative remedies under the PLRA. *See* Policy Directive 03.02.130 (effective July 9, 2007). At step one of this process, the plaintiff must complete a grievance form which includes "Dates, times, places and names of all those

> involved in the issue being grieved" *Id.* at ¶ R (emphasis added). Thus, plaintiff
> was required to identify these unknown defendants when he grieved his claims
> under the PLRA and the MDOC Policy Directive 03.02.130 prior to filing this
> federal action against them. *Cf. Freeman v. Francis*, 196 F.3d 641, 645 (6th
> Cir.1999) (a prisoner "may not exhaust administrative remedies during the
> pendency of the federal suit"). Under these circumstances, plaintiff has not
> established good cause for seeking an extension under Fed. R. Civ. P. 4(m).

R&R (ECF No. 27, PageID.220-221), *adopted in* Order (ECF No. 32).

Plaintiff has not submitted a supporting brief to explain why he should be allowed to amend his complaint at this late date.  In a reply brief,[2] plaintiff states that extraordinary circumstances apply to the late amendment, because he had to obtain this information using a Freedom of Information Act request.  Plaintiff submitted no evidence that he proceeded in this manner.  As discussed, plaintiff previously stated that he could not identify the unknown defendants because he could not afford copies of his medical records.  Furthermore, plaintiff has yet to explain why he could not obtain the names from the grievances which he was required to file prior to bringing this action.

Finally, the Court agrees that defendant Chaney will be prejudiced by this late amendment.  If plaintiff's claim survives Chaney's motion for summary judgment, and the Court allows the proposed amendments, then Chaney's trial will be delayed as this lawsuit goes back to square one with his claims against four new defendants.[3]   Given these considerations, the Court

---

[2] W.D. Mich. LCivR 7.3(c) provides that while a party opposing a nondispositive motion shall file a response brief, "Reply briefs may not be filed without leave of court."   Plaintiff did not seek leave of court to file his reply brief. However, the Court will consider it.

[3] In this regard, the Court notes that if the motion to amend was granted, the amended claims against the new defendants, Bentie, Byrne, Bowker, and Jastifer, would not relate back to the filing of the original complaint in 2015. While Fed. R. Civ. P. 15(c) states that under certain circumstances "[a]n amendment to a pleading relates back to the date of the original pleading," the "relation back" protections of that rule were not designed to correct the problem of identifying a "John Doe" defendant after the expiration of the limitations period.  *See Smith v. City of Akron*, 476 Fed. Appx. 67, 69 (6th Cir. 2012).  *See also Bradfield v. City of Memphis*, 24 Fed. Appx. 307, 308 (6th Cir. 2001)

concludes that justice does not require that plaintiff be allowed to amend his complaint to add claims against these four new defendants.

## IV.    Motion for relief from judgment

In this motion, plaintiff seeks relief from this Court's orders dismissing the unserved "unknown parties" (ECF No. 22) and granting defendant Becher's motion for summary judgment for lack of exhaustion (ECF No. 42).   Plaintiff seeks relief pursuant to from Fed. R. Civ. P. 60(b)(6), which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

As this Court explained in *Hadix v. Caruso*, No. 4:92-CV-110, 2009 WL 891709 (W.D. Mich. March 31, 2009), *affirmed* 420 Fed. Appx. 480 (6th Cir. 2011).

> A court is limited both in the scope of relief it may grant under Fed. R. Civ . P. 60(b)(6) and the circumstances under which it may grant such relief:

---

("The amending of the complaint to substitute the names of the officers for John Doe defendants does not relate back to the filing of the original complaint") (*citing Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir.1996)). This is relevant because plaintiff's § 1983 claims, which arose in October and November 2013, are subject to a three-year statute of limitations which expired in October and November 2016.  *See Chippewa Trading Company v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004) (the statute of limitations for a § 1983 claim in Michigan is three years, based upon Michigan's three-year statute of limitations for injury to a person or property, M.C.L. § 600.5805(10)).   While this statute of limitations would be tolled for the period of time required to exhaust administrative remedies, *see Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000), there is no record that plaintiff filed a grievance naming these defendants.  *See* Report and Recommendation (ECF No. 38, PageID.303-304) (listing the four relevant grievances).   In short, it would appear that the statute of limitations expired with respect to these four new defendants in October or November 2016 (six or seven months before plaintiff moved to amend the complaint), and that the statute of limitations was not tolled by the grievance process.

> [R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. This is because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b). Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief.
>
> *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519 (6th Cir.2001) (internal punctuation and citations omitted); *accord Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465 (6th Cir.2007)).  In re-opening a final judgment, order or proceeding under Fed. R. Civ. P. 60(b)(6), a court must determine that extraordinary or exceptional circumstances exist to justify the re-opening.  *Ford Motor Co.*, 487 F.3d at 470.

*Hadix*, 2009 WL 891709 at *3.

Here, plaintiff has failed to present extraordinary or exceptional circumstances for this Court to re-open either order.

The February 22, 2016 order dismissed the unknown defendants without prejudice for lack of service (ECF No. 32).   There is no basis for re-opening this order and reinstating the unknown defendants who were never served.   As discussed, *supra*, plaintiff has sought to amend his complaint to include the names of the previously unknown defendants.

The September 11, 2016 order granted defendant Becher's motion for summary judgment for lack of exhaustion (ECF No. 42).   As noted in that order, plaintiff did not object to the magistrate judge's recommendation that the motion be granted.   Order (ECF No. 42 at PageID.326).   There is no basis to re-visit Becher's dismissal.   Furthermore, although plaintiff has styled his motion as one for relief from judgment, he is actually attempting to bring Becher back into this lawsuit so that he can allege a new claim against Becher for negligence under Michigan law.   In short, plaintiff seeks to amend his complaint to add a supplemental state law

claim against a dismissed defendant.   The Court should not exercise supplemental jurisdiction to allow plaintiff to file this claim.  *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-1255 (6th Cir. 1996) (as a general rule "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims"). Accordingly, plaintiff's motion for relief from judgment (ECF No. 79) should be denied.

## V.    Recommendation

For the reasons set forth above, I respectfully recommend that defendant Chaney's motion for summary judgment (ECF No. 66) be **GRANTED**.

I further recommend that plaintiff's motions to amend (ECF No. 78) and for relief from judgment (ECF No. 79) be **DENIED**.

I further recommend that this action be **TERMINATED**.


Dated:   February 20, 2018                           /s/ Ray Kent
                                                     United States Magistrate Judge


**ANY OBJECTIONS** to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.   All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).   Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.   *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).