UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTIN D. BETTY,

    Plaintiff,

v.

CASE NO. 1:15-CV-445

HON. ROBERT J. JONKER

DANIEL HEYNS, *et al.*,

    Defendants.

_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 91) and Plaintiff's Objection to it. (ECF No. 92). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections.

*1. Plaintiff's Motions*

The Magistrate Judge recommends denying Plaintiff's motions to amend (ECF No. 78) and for relief from judgment (ECF No. 79). Plaintiff offers no meaningful objection to the Magistrate's recommendation on these two motions, and the Court finds the Magistrate's analysis here to be factually sound and legally correct. The Court agrees the two motions should be denied for the very reasons articulated by the Magistrate Judge, and accordingly, the Court adopts the Magistrate Judge's recommendation that Plaintiff's motions be denied.

*2. Defendant Chaney's Motion for Summary Judgment*

The Magistrate Judge further recommends granting Defendant Chaney's motion for summary judgment. (ECF No. 66). While the Court agrees with the Magistrate Judge that Defendant Chaney did not meet his initial burden with respect to a qualified immunity defense, the Court respectfully disagrees with the Magistrate Judge that Defendant Chaney's motion should nonetheless be granted. Therefore Defendant Chaney's motion will be DENIED.

All parties agree on the relevant legal standard as laid out by the Magistrate Judge:

> To prove a First Amendment retaliation claim, plaintiff must establish three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two -- that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

(ECF No. 91, PageID.668). The Magistrate Judge recommends granting the motion because Plaintiff's threat to file a grievance against Defendant Chaney did not constitute "protected conduct" for purposes of a retaliation claim. The Magistrate's reasoning largely depends on an earlier report

and recommendation that was adopted by the undersigned. *Walden v. Palmer*, No. 1:15-cv-766, 2017 WL 1026326 (W.D. Mich. Feb. 22, 2017), *report and recommendation adopted*, 2017 WL 1020233 (March 16, 2017).

The posture in *Walden* case is somewhat different than here, however, because in *Walden*, the Court found that even if a threat to file a grievance was "protected conduct" the plaintiff failed to exhaust the claim. Thus the Court did not decide, one way or the other, whether a threat to file a grievance could constitute protected conduct in a First Amendment retaliation claim. The Sixth Circuit Court of Appeals also has not "determined conclusively whether merely threatening to file a grievance constitutes protected activity." *Pasley v. Conerly*, 345 F. App'x 981, 984 (6th Cir. 2009).

Though not dispositive, *Pasley* is still instructive. There the court distinguished earlier cases that held prisoners do not have a protected right to file frivolous grievances. But the Court found that because the plaintiff's threatened grievance in that case "was arguably legitimate, his conduct was arguably protected by the First Amendment." *Id.* at 985. Consistent with that decision, other courts have found that threats to file a grievance can be protected conduct that would satisfy the first of the three-prong test. *See, e.g., Jones v. VandeCasteele*, No. 11-cv-13115, 2012 WL 3156990, at *7 n.6 (E.D. Mich. July 11, 2012); *Pasley v. Conerly*, No. 2:08-cv-13185, 2010 WL 3906120, at *9 (E.D. Mich. Sept. 20, 2010). The Court finds this analysis persuasive and, for that reason and under the facts of this case, the Court finds that Plaintiff's threatened grievance is "arguably legitimate." The Court therefore declines to adopt the Magistrate's recommendation that Plaintiff was not engaged in protected conduct.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 91) is **ADOPTED in part** and **REJECTED in part.**

**IT IS FURTHER ORDERED** that:

1. Defendant Chaney's motion for summary judgment (ECF No. 66) is **DENIED.**

2. Plaintiff's Motion to Amend/Correct (ECF No. 78) is **DENIED.**

3. Plaintiff's Motion for Relief from Judgment (ECF No. 79) is **DENIED.**


Dated:     March 27, 2018              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE